IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WRIGHT, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 19-00417-CG-N |
| D. TONEY, | : | |
| Respondent. | : | |

REPORT AND RECOMMENDATION

Petitioner, an Alabama inmate proceeding pro se, filed a petition under 28 U.S.C. § 2254 (Doc. 4). This action was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72, and is now before the Court for Petitioner's failure to follow this Court's order and advise the Court of a change of address.

On January 8, 2020, the Court granted Petitioner's motion to correct the record by construing the 2254 petition as a 28 U.S.C. 2241 habeas petition (Doc. 8). A copy of the endorsed order was mailed to Petitioner on January 9, 2020. On January 17, 2020, the Court received returned mail addressed to Petitioner at his last known address at Baldwin County Jail (Doc. 9). The Court has reviewed the website at Baldwin County Jail, as well as the websites for ADOC and BOP and found that Petitioner was no longer incarcerated.

Due to Petitioner's failure to advise the Court of a change of address, and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## CERTIFICATE OF APPEALABILITY

The undersigned recommends that a certificate of appealability (hereinafter COA) in this case be denied. The habeas corpus statute makes clear than an applicant in entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice of judge issues a COA. 28 U.S.C. § 2253 (c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v McDaniel. 59 U.S. 473, 484 (2000); see Miller-El v Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Gross has failed to prosecute this action, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition of that Gross should be allowed to proceed further, Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis.*

The attached sheet contains important information regarding objections to the Report and Recommendation.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases

in the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 17th day of June, 2020.

                                        s/KATHERINE P. NELSON
                                        UNITED STATES MAGISTRATE JUDGE